MARY ANN WHOLEY, Respondent, *v.* BRIDGET KANE, Appellant.

*Use by the daughter of a tenant of the roof of a tenement house — a practical construction given to pleadings upon the trial determines the issue.*

An action was brought to recover damages for personal injuries, which the plaintiff had sustained because of an alleged defect in a frame of slats placed on the roof of a tenement building, while the plaintiff was upon the roof for the purpose of viewing a display of fireworks — a part of which building was demised by the defendant to the plaintiff's father with whom the plaintiff resided.

The defendant's answer admitted certain allegations of the complaint to the effect that the defendant demised to the plaintiff's father a part of the building in question, together with the privilege of using the hallway, stairs and roof of the building in common with other tenants, and that the plaintiff's father had ever since been in occupation of the premises, with the privilege of using the stairway, halls and roof of the building under the terms of said hiring, but denied an allegation of the complaint that at the time of the accident the plaintiff was lawfully and properly upon the roof.

Upon the trial the plaintiff offered evidence tending to prove the existence, with the knowledge of the person in charge of the building, of a custom upon the part of the tenants to use the roof for recreation, etc., while the defendant offered evidence of the terms of the letting, from which the jury might conclude that the roof was only to be used for the purpose of drying clothes, and that the defendant had not known of its use for other purposes, or invited or licensed such use.

*Held,* that the question whether the plaintiff was rightfully upon the roof at the time of the accident was clearly put in issue by the pleadings, but that, however this might be, the parties having, upon the trial, so construed the pleadings, by introducing evidence upon that issue, it was too late at the close of the testimony to claim the contrary;

That, therefore, the court erred in charging the jury that the plaintiff had the privilege of using the roof in question, and in refusing to submit to the jury any question as to the right of the plaintiff to be upon the roof at any and all reasonable times, even for other purposes than that for which it was claimed that it had been let.

APPEAL by the defendant, Bridget Kane, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 25th day of March, 1896, upon the verdict of a jury, and also from an order entered in said clerk's office on the 26th day of March, 1896, denying the defendant's motion for a new trial made upon the minutes.

*Horace K. Doherty,* for the appellant.

*Christopher Fine,* for the respondent.

VAN BRUNT, P. J. :

This action was brought to recover damages for injuries sustained on the 10th of October, 1892, upon the roof of the tenement house, No. 51 Catherine street, in the city of New York, of which premises the defendant was the owner. The plaintiff, who was an unmarried woman, occupied rooms on the top floor of the house with her father and mother. Upon the roof was a slatting made in sections placed close together, the top of which was about eighteen inches above the roof. There were also poles erected, to which lines were attached, to be used by the tenants of the premises in drying clothes. The door leading out to the roof was always kept unlocked, as required by law. On the night of October 10, 1892, a display of fireworks took place on the Brooklyn bridge, as part of the Columbian celebration; and to view this display, the plaintiff, about eight o'clock in the evening, went upon the roof. There were on the roof about fifty people, some of whom were tenants of the premises in question, and others were strangers who had come from adjoining roofs. As the plaintiff was attempting to go down from the roof, one of the slats gave way under her and she sustained a dislocation of the ankle.

In addition to the foregoing facts, the plaintiff offered proof tending to show that the roof in question was used by the tenants during the evening for the purposes of recreation — some of them in the hot weather even sleeping upon the roof; and that this was a custom which existed among the tenants to the knowledge of those who were in charge of the premises. Evidence was also given upon the part of the plaintiff as to the condition of the roof, showing that it was in bad repair, which was obvious to anybody who went upon the roof; but the plaintiff testified that, notwithstanding that she was frequently on the roof, she did not observe its condition as to repair.

Upon the part of the defendant evidence was given tending to show that at the time of the happening of the accident or prior thereto, repairs were being made to the roof which were not completed, and that the letting of the premises in question was by the janitress, who testified that the roof was not let for any other purpose than for the drying of clothes. She says : " I let all the apartments. They dry clothes on the roof. Mr. Wholey inquired where

the clothes were to be dried, and I told him on the roof. The roof was not let by me for any other purpose than the drying of clothes. I was not given any authority or instructions to let the roof of the premises for another purpose than for drying clothes. That is all."

She further testified that the roof was in process of repair, and that it was all in order, except the place where the accident happened; that after the tinman and the painters had left, the slats were being fixed and repaired, and that these repairs were going on at the time of the happening of the accident.

At the conclusion of the evidence the objection seems to have been raised that, under the pleadings, the question as to the right of the plaintiff to go upon the roof as part of the premises rented, was admitted, and, therefore, there was no question to be submitted to the jury upon that point; and the court charged that " where a building is let to several tenants as a tenement house, the roofs are for the common use of the several tenants. I charge you that this tenant had the privilege of using the roof in question." To this an exception was taken, and the court refused to submit any question to the jury upon the right of the plaintiff to be at any and all reasonable times upon the roof, even for purposes other than that for which it was claimed it had been let.

This instruction of the court we think was error. It is clear that the parties during the progress of the trial differently interpreted the issues raised by the pleadings. The plaintiff seems to have thought it incumbent upon her to prove a right to be upon the roof independent of anything contained in the pleadings, hence evidence was offered to show a custom of all the tenants of the building to use the roof for purposes other than that of drying clothes, and that this was done with the knowledge and assent of the person in charge of the building, and who did the letting. And evidence was also offered upon the part of the defendant of the terms of the letting, from which the jury might conclude that the roof was to be used only for the purpose of drying clothes, and denying knowledge of the indiscriminate use of the roof by the tenants in the manner testified to by the plaintiff's witnesses, or any invitation or license to such use. It seems to us that after the parties had construed the pleadings in the manner which was done during the whole progress

of the trial, and after the evidence had been all introduced upon the issue as to the right of the plaintiff to be upon the roof, it was too late then to raise the question of pleading. It is true that before the case was submitted to the jury the counsel for the defendant asked to have the answer made more definite by inserting a more specific denial, asserting that the defendant denied the fact that the people who were on the roof had a right to be there at the time the accident occurred, and the court denied the motion, stating that the denial was the denial of a mere conclusion, and the conclusion would not amount to anything if it was not denied. But it appears that the claim was then made that all that was admitted was that they had a right to use the roof for the drying of clothes, and the court held that it was admitted that they had a right to use the roof, and the counsel still further insisting that there was a denial contained in the pleadings of a right to be on the roof at the time of the accident, the court solved the question by giving the charge above referred to.

Upon an examination of the answer it will appear that the construction which the parties gave to it during the progress of the trial was the correct one. The second allegation of the complaint was that three or four years previous to the accident the father of the plaintiff rented of the defendant certain apartments on the fourth floor of the building, together with the privilege of using the hallway, stairs and roof of said house in common with other tenants in said house for an agreed rental, etc., and that at all times since her father was in occupation and possession of said premises, with the privilege of using the stairway, halls and roof under the terms of said hiring from defendant, and that during the same period the plaintiff resided with her father in the premises aforesaid. The next paragraph (the 3d) alleges that on the 10th of October, 1892 (the occasion of the accident), while the plaintiff was lawfully and properly on the roof of said premises, but not knowing the same to be in a dangerous condition, but by the dangerous and perilous condition of a certain frame of slats covering said roof, but by the omission, carelessness and negligence of the defendant in allowing said slats to remain in the defective and dangerous condition, the plaintiff was injured, etc. The answer admitted the allegations

FIRST DEPARTMENT, APRIL TERM, 1897. [Vol. 16.

of the 2d paragraph of the complaint, and then denied the allegations of the 3d paragraph down to the allegation that the plaintiff was injured by stepping into a hole between the slats, whereby she dislocated her ankle.

It seems to us, upon a consideration of these allegations, that the question of the right of the plaintiff to be upon the roof upon the occasion in question was clearly put in issue. It is true that the answer admitted the right of the plaintiff to use the stairways, halls and roof under the terms of the hiring from the defendant, but there was certainly no intention of admitting or alleging any exclusive right in the stairways, halls and roof, or that they could be used for any other purposes than such as the terms of the letting either expressly or impliedly included; and, when this is followed by a denial of the right of the plaintiff to be there, it seems to us that it clearly put in issue the question as to the right of the plaintiff to be upon the roof, which was, as already stated, the construction placed upon the pleadings by the parties themselves during the progress of the trial.

Under these circumstances, it was error for the court to charge the jury as it did, in absolute terms, that the plaintiff had a right to be upon the roof. This error was radical, and certainly materially injured the rights of the defendant.

We think that for this error the judgment and order appealed from should be reversed and a new trial ordered, with costs to the appellant to abide the event.

WILLIAMS, INGRAHAM and PARKER, JJ., concurred; O'BRIEN, J., not voting.

Judgment reversed, new trial ordered, costs to appellant to abide event.